JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel: (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARDO ANGEL NAVARRETTE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. C 04-0760 JSW<br><br>**SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT** |

## SETTLEMENT AGREEMENT

Plaintiff, RICHARDO ANGEL NAVARRETTE, and defendant, UNITED STATES OF AMERICA, hereby enter into this Settlement Agreement (the "Agreement"), as follows:

1. The parties hereby agree to settle and compromise <u>Richardo Angel Navarrette v. United States of America</u>, United States District Court for the Northern District of California Case Number C 04-0760 JSW (the "Lawsuit"), under the terms and conditions set forth herein.

2. The United States of America agrees to pay plaintiff the sum of One Million Dollars ($1,000,000.00) (the "Settlement Amount") in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
No. C 04 0760 JSW

injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the Lawsuit, for which plaintiff or his heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, or employees.

     3.    Plaintiff and his heirs, executors, administrators, and assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, or causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants, or employees on account of the same subject matter that gave rise to the Lawsuit. Plaintiff and his heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, and employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his heirs, executors, administrators, or assigns against any third party or against the United States of America.

     4.    This Agreement shall not constitute an admission of liability or fault on the part of the United States of America, its agencies, agents, servants, or employees, and is entered into by and between the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

     5.    This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

     6.    The Settlement Amount represents the entire amount of the compromise settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in addition thereto.

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
No. C 04 0760 JSW

2

7. It is also understood by plaintiff that, pursuant to Title 28, Section 2678 of the United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall not exceed 25 percent of the Settlement Amount.

8. Payment of the Settlement Amount will be made by wire transfer to "Brant Hickey & Associates Client Trust Account."

9. Plaintiff has been informed that payment of the Settlement Amount may take ninety days or more to process, but defendant agrees to make good faith efforts to expeditiously process the payment.

10. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the settlement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

11. In consideration of payment of the Settlement Amount and this Agreement, plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

12. California Civil Code Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Plaintiff, having been apprised of such language by his attorney, and fully understanding the same, nevertheless waives the benefits of any and all rights he may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
No. C 04 0760 JSW

3

to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

Dated: 4/1/09

RICARDO ANGEL NAVARRETTE
Plaintiff

Dated: 4/1/09

BOZMAN-MOSS & WATSON

BARBARA BOZMAN-MOSS
Attorneys for Plaintiff

Dated: 4/2/09

JOSEPH P. RUSSONIELLO
United States Attorney

ELLEN M. FITZGERALD
Assistant United States Attorney
Attorneys for Defendant

//
//
//
//
//
//

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
No. C 04 0760 JSW

4

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |
| 2 | THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO |
| 3 | ORDERED. |

Dated: April 3, 2006

*/s/ Jeffrey S. White*
HON. JEFFREY S. WHITE
United States District Judge

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
No. C 04 0760 JSW

5