JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel. (415) 436-7314
Fax: (415) 436-6748
E-Mail: ellen.fitzgerald@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO ANGEL NAVARRETTE, | Case No.: C 04-0760 JSW |
| Plaintiff, | **AMENDED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING AMENDED SETTLEMENT** |
| vs. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant | |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant and the structured settlement broker, signing the agreement, whether or not a party to the civil action), and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-

SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT - 1

captioned action under the terms and conditions set forth in the Settlement Agreement.

2. The Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the UNITED STATES OF AMERICA, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. The settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The UNITED STATES OF AMERICA agrees to pay the undersigned plaintiff the cash sums set forth below in paragraph 3(a) to purchase the annuity contract(s) described below in paragraph 3(b).

(a) As soon as practicable after counsel of record for the UNITED STATES OF AMERICA receives (1) this Stipulation signed by all parties and as Order Approving Settlement by the Court; and (2) the Social Security Numbers or tax identification numbers of plaintiff and his attorneys, counsel for the UNITED STATES OF AMERICA will send a formal request to the Judgment Fund Branch, Financial Management Service, Department of the Treasury, requesting the sum of ONE MILLION DOLLARS ($1,000,000.00) (hereinafter "settlement amount") to be paid, by check or wire transfer to JMW SETTLEMENTS, INC. Client Funds Account, out of which the following disbursements will be made by JMW SETTLEMENTS from said Client Funds Account:

SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT - 2

(i) To Ricardo Angel Navarrette and Barbara Bozman-Moss Esq., his attorney of record, the sum of SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00).

(ii) To an insurance company rated not less than A+ by A.M. Best & Company, the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) for the purchase of the annuity described below.

The parties agree that any attorney's fees owed by the plaintiff shall not exceed 25% of the settlement amount (28 U.S.C. § 2678) and must be paid out of the settlement amount and not in addition thereto.

(b) The United States will purchase an annuity contract to make the following payments:

To Ricardo Angel Navarette commencing one year from the date of funding the sum of $1,000.00 per month for 19 years (228 monthly payments) certain. Thereafter commencing twenty years from the date of funding the sum of $2,392.24 for 10 years (120 monthly payments) certain and continuing thereafter so long as Ricardo Angel Navarette shall live.

In the event the purchase price of the annuity has changed prior to purchase, the benefits will be adjusted upwards or downwards to whatever can be purchased for the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

(c) The annuity contract(s) will be owned solely and exclusively by the UNITED STATES OF AMERICA and will be purchased as soon as practicable following the execution of the Stipulation For

SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT - 3

Compromise Settlement And Release. The parties stipulate and agree that the UNITED STATES OF AMERICA's only obligation with respect to said annuity contract(s) and any annuity payments therefrom is to purchase the annuity contract(s), and they further agree that the UNITED STATES OF AMERICA does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the UNITED STATES OF AMERICA is released from any and all obligations with respect to the annuity contract(s) and annuity payments upon the purchase of the annuity contract(s).

The parties stipulate and agree that the annuity company that issues the annuity contract(s) shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon direct deposit, electronic funds transfer (EFT), or the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

As further consideration of the agreement the Plaintiff acknowledges and agrees that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the UNITED STATES OF AMERICA or the annuity company, are subject to execution or any legal process for any obligation in any manner, and

that the Plaintiff shall not have the power, nor the right, to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment, sale, transfer or otherwise. Moreover, Plaintiff hereby stipulates and agrees that any such purported sale, assignment, mortgage or other form of transfer shall be void and of no legal effect. Plaintiff further agrees to indemnify and hold harmless the UNITED STATES OF AMERICA and any other party released hereunder, from any and all claims, costs, fees or expenses resulting from the sale, transfer, assignment or attempted sale, transfer or assignment of any payments made herein pursuant to the terms of the referenced annuity contract.

Plaintiff and his guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the UNITED STATES OF AMERICA a current mailing address, and to notify the annuity company and the UNITED STATES OF AMERICA of the death of any beneficiary of said annuity contract within ten (10) days of death.

In the event of the death of Ricardo Angel Navarette prior to the 348th monthly payment, all remaining certain payments shall be paid when due to his estate. Provided further, that Ricardo Angel Navarette shall have the right pursuant to this agreement to designate any such person or entity as contingent beneficiary has he may desire from time to time. Said designation shall be in writing and in a form acceptable to the UNITED STATES OF AMERICA and the annuity issuer.

4.  Plaintiff and his guardians, heirs, executors, administrators, or assigns do hereby accept the cash sums set forth above in paragraph 3(a) and the purchase of the annuity contract(s)

SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT - 5

set forth above in paragraph 3(b) in full settlement, satisfaction and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiff or his heirs, executors, administrators, or assigns may have or hereafter acquire against the UNITED STATES OF AMERICA, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiff and his guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the UNITED STATES OF AMERICA and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

    5. The compromise settlement is specifically subject to each of the following conditions:

    a. An agreement by the parties on the terms, conditions, and requirements of the Stipulation For Compromise Settlement And Release and the annuity contract(s). The parties stipulate and agree that the Stipulation For Compromise Settlement And Release and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of the Stipulation For

Compromise Settlement And Release and the annuity contract(s). The terms, conditions and requirements of the Stipulation For Compromise Settlement And Release are not severable and the failure to agree, fulfill or comply with any term, condition, or requirement renders the entire Stipulation For Compromise Settlement And Release and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the UNITED STATES OF AMERICA unless and until the other terms, conditions and requirements of the Stipulation For Compromise Settlement And Release have been completely agreed upon in writing.

b. Each beneficiary of the annuity contract(s) set forth above in paragraphs 3(b) must be alive at the time of the purchase of said annuity contract(s). In the event of the death of any beneficiary prior to the purchase of said annuity contract(s), the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

c. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiff must obtain Court approval of the settlement at their expense. Such court approval must be obtained prior to the purchase of the annuity contract(s) set forth above in paragraph 3(b). Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the UNITED STATES OF AMERICA may void the settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs

SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT - 7

fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

6. Plaintiff's attorney agrees to distribute the settlement proceeds among the plaintiffs and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

7. The parties agree that the Stipulation for Compromise Settlement and Release, including all the terms and conditions of the compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8. California Civil Code Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Plaintiff, having been apprised of such language by his attorney, and fully understanding the same, nevertheless waives the benefits of any and all rights he may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT - 8

8. It is contemplated that the Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this **17th** day of **July**, 2009.

JOSEPH P. RUSSONIELLO
United States Attorney
Attorney for Defendant,
United States of America

By: *(signature)*

ELLEN M. FITZGERALD
Assistant United States Attorney

Executed this **1st** day of **July**, 2009.

*(signature)*
BARBARA BOZMAN-MOSS
Attorney for Plaintiff

Executed this **1** day of **July**, 2009.

*(signature)*
RICARDO ANGEL NAVARETTE
Plaintiff

SETTLEMENT AGREEMENT AND ORDER APPROVING SETTLEMENT - 9

Executed this 22nd day of July, 2009.

JMW SETTLEMENTS, INC.

By: *Mark S. Feldman*

SO ORDERED this 21 day of August, 2009:

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Court Judge